UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ALENE R. YARBROUGH,

    Plaintiff,

v.

USCB, INC. D/B/A USCB AMERICA,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, ALENE R. YARBROUGH, is a natural person and citizen of the State of Florida residing in Broward County, Florida.

4.    Defendant, USCB, INC. D/B/A USCB AMERICA, ("Defendant") is believed to be a corporation formed under the laws of the State of California with its

principal place of business at Suite 720, 3333 Wilshire Boulevard, Los Angeles, California 90010.

5. Defendant is registered with the California Secretary of State as a corporation. The Secretary's records show Defendant's registered agent as James Hughes, Suite 720, 3333 Wilshire Boulevard, Los Angeles, California 90010.

## FACTUAL ALLEGATIONS

6. Defendant sought to collect a defaulted debt by placing telephone calls to Plaintiff's residence.

7. The alleged debt is apparently a medical debt due by Plaintiff's nephew.

8. Plaintiff has no liability for the debts of her nephew.

9. Plaintiff's nephew has never resided at her home or been authorized to use her telephone number.

10. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. Defendant regularly collects or attempts to collect debts on the behalf of others.

12. Defendant is a "debt collector" as defined in the FDCPA.

13. At all times material to this complaint, Defendant was *not* registered a consumer debt collector with the Florida Office of Financial Services.

14. Defendant's registration as a consumer debt collector was terminated by the State of Florida in October 2007.

15. Defendant left the following messages on Plaintiff's voice mail on her residential telephone service on or about the dates stated:

APRIL 29, 2016 - PRERECORDED MESSAGE
This message is for [Plaintiff's nephew] If we have reached the wrong number, please call 1-855-233-6432. If you are not [Plaintiff's nephew], hang up now. If you are [Plaintiff's nephew], continue to listen to this message but not in the presence of others as it contains personal and private information. This is Patty Lopez from USCB America. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please call us back at 1-888-235-2821 between the hours of 8 AM and 6 PM Monday through Friday.

MAY 6, 2016 - PRERECORDED MESSAGE
This message is for [Plaintiff's nephew] If we have reached the wrong number, please call 1-855-233-6432. If you are not [Plaintiff's nephew], hang up now. If you are [Plaintiff's nephew], continue to listen to this message but not in the presence of others as it contains personal and private information. This is Patty Lopez from USCB America. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please call us back at 1-888-235-2821 between the hours of 8 AM and 6 PM Monday through Friday.

MAY 20, 2016 - PRERECORDED MESSAGE
This message is for [Plaintiff's nephew] If we have reached the wrong number, please call 1-855-233-6432. If you are not [Plaintiff's nephew], hang up now. If you are [Plaintiff's nephew], continue to listen to this message but not in the presence of others as it contains personal and private information. This is Patty Lopez from USCB America. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please call us back at 1-888-235-2821 between the hours of 8 AM and 6 PM Monday through Friday.

MAY 27, 2016 - PRERECORDED MESSAGE
This message is for [Plaintiff's nephew] If we have reached the wrong number, please call 1-855-233-6432. If you are not [Plaintiff's nephew], hang up now. If you are [Plaintiff's nephew], continue to listen to this message but not in the presence of others as it contains personal and private information. This is Patty Lopez from USCB America. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please call us back at 1-888-235-2821 between the hours of 8 AM and 6 PM Monday through Friday.

16. In addition to the foregoing, Defendant telephoned Plaintiff on other occasions, (Collectively, "the telephone messages").

17. On at multiple occasions Defendant placed calls to Plaintiff, allowed the telephone to ring, then hung-up.

18. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

19. The Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") requires Defendant to be registered with the Florida Office of Financial Registration before placing telephone calls into the State of Florida in an effort to collect debts.

20. At the time it placed its telephone calls to Plaintiff, Defendant was *not* registered as a debt collector with the Florida Office of Financial Services.

21. In the absence of a valid registration as a debt collector, Defendant is prohibited by the FCCPA from communicating, whether directly or indirectly, with Florida residents with respect to consumer debts.

22. Defendant communicated with Plaintiff in violation of the FCCPA.

23. The FCCPA provides for criminal penalties.

24. Attempting to collect a consumer debt within the State of Florida without a valid debt collector registration is a crime.

25. Defendant's placement of calls to Plaintiff is a criminal act.

26. The FDCPA prohibits debt collectors from engaging in criminal acts.

27. Communications from a debt collector to non-obligated third parties are governed by 15 U.S.C. §1692b.

28. Because Plaintiff is not obligated to Defendant or its client, the only communication Defendant is permitted make to her is for the purpose of acquiring location information about the consumer who actually is indebted and Defendant is permitted only *one* such communication, except in circumstances not present here. 15 U.S.C. §1692b.

29. The term "location information" includes the telephone number of the indebted consumer. 15 U.S.C. §1692a(7).

30. The FDCPA further requires a debt collector communicating with a third-party to disclose that it is confirming or correcting location information concerning the indebted consumer. 15 U.S.C. §1692b(1).

31. Defendant failed to state in its message that it was confirming or correcting location information concerning a consumer.

32. There are no other provisions in the FDCPA allowing debt collectors to communicate with the public at large or with an alleged debtor's relatives regarding the collection of debts.

33. In telephoning Plaintiff, Defendant was seeking to correct location information i.e. the telephone number of the indebted consumer, then present in its records, because it left instructions for Plaintiff to follow to inform Defendant of whether

or not it was telephoning the correct number: "[i]f we have reached the wrong number, please call 1-855-233-6432."

34. Importantly, 15 U.S.C. §1692b(3) prohibits a debt collector from communicating with a third-party more than once unless requested to do so by the third-party or if the third-party previously provided information about the indebted consumer that turned out to be erroneous or incomplete and the debt collector reasonably believes that the third-party now has correct or complete location information.

35. Defendant communicated with Plaintiff on multiple occasions.

36. At no time did Plaintiff provide Defendant with any information about the location of the indebted consumer and thus Defendant's repeated messages are not an attempt to confirm or correct previously provided location information.

37. Defendant's messages are an attempt to correct the telephone number for the indebted consumer then in Defendant's records, or determine the number at which the indebted consumer is *not* located, because the second sentence of the messages acknowledge that the recipient may *not* be the consumer: "If we have reached the wrong number, please call 1-855-233-6432."

38. Defendant knew that its messages were, or might be, communicated to third-parties, because it provided instructions for third-parties to follow upon receipt of the message.

39. Defendant's messages to Plaintiff are clearly an attempt to correct the telephone number in its files for the indebted consumer.

40. Defendant's pre-recorded message impermissibly attempts to satisfy two separate requirements of the FDCPA: one standard applicable to communications with indebted consumers, in the event that the recipient is in fact an indebted consumer, and another standard applicable to communications to unobligated third-parties, in the event that the recipient turns out to be an unobligated third-party. As another Court has held:

> But *Foti* found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b). See id. at 658-59. Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication. See id. at 659-60 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996))

*Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1343 (S.D. Fla. 2008)

41. The FDCPA shields an unobligated third-party from repeated calls from debt collectors attempting to correct telephone numbers in its records for the indebted consumer.

42. The FDCPA prohibits Defendant from communicating with Plaintiff more than once. 15 U.S.C. §1692b. Defendant violated that prohibition when it communicated with Plaintiff on multiple occasions.

43. The FDCPA restricts the communications debt collectors can make with third-parties to very limited circumstances and Defendant exceeded those restrictions.

44. Plaintiff is not obligated to field telephone calls from debt collectors seeking money from her nephew.

45. Her privacy and seclusion were invaded when Defendant placed such calls to her.

## COUNT I
## REPEATED CALLS TO AN UNOBLIGATED THIRD-PARTY

46. Plaintiff incorporates Paragraphs 1 through 45.

47. Defendant communicated more than once with Plaintiff in violation of 15 U.S.C. §1692b.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO DISCLOSE CONFIRMING OR CORRECTING INFORMATION ABOUT A CONSUMER WHEN CALLING A THIRD-PARTY

48. Plaintiff incorporates Paragraphs 1 through 45.

49. Defendant failed to state in its messages to Plaintiff that it was confirming or correcting information about a consumer in violation of 15 U.S.C. §1692b(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## HARASSMENT OR ABUSE

50. Plaintiff incorporates Paragraphs 1 through 45.

51. Defendant harassed or abused Plaintiff by causing her telephone to ring repeatedly in violation of 15 U.S.C. §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## ENGAGING IN ILLEGAL ACTION

52. Plaintiff incorporates Paragraphs 1 through 45.

53. Defendant took illegal action against Plaintiff, namely placing telephone calls to her deemed a crime by the FCCPA, in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
Email: don@donyarbrough.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658